UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-212-J-34JBT

CHARLES ROBERT ALEXANDER  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Charles Robert Alexander is a 50-year-old inmate incarcerated at Memphis FCI, serving a 63-month term of imprisonment for possession of a firearm by a convicted felon. (Doc. 44, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 20, 2022. Alexander seeks compassionate release for reasons other than a serious medical or physical condition, old age, or family circumstances. (Doc. 50, Motion at 4). He asserts that he has diabetes, high blood pressure, and "mental problems." He also asserts that his blood sugar "stays in the 300 to 500 range." Id. at 5.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

Alexander has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A).

> The Sentencing Commission has identified these circumstances as constituting "extraordinary and compelling reasons": (1) the defendant suffers from a terminal illness or from a serious physical or medical condition that "substantially diminishes the ability of the defendant to

2

> provide self-care" while in custody; (2) the defendant is at least 65 years' old and is experiencing serious age related deterioration in health; (3) the defendant's family circumstances, including the "death or incapacitation of the caregiver of the defendant's minor child"; and (4) other reasons as determined by the director of the Bureau of Prisons.

United States v. Wedgeworth, No. 20-12316, 2020 WL 7389350, at *1 (11th Cir. Dec. 16, 2020) (citing U.S.S.G. § 1B1.13, cmt. 1). Alexander does not assert that any of the above circumstances exist. Motion at 4.[1] He states that he has diabetes, high blood pressure, and "mental problems," and that his blood sugar remains in the "300 to 500 range." Id. at 5. However, Alexander acknowledges that he is prescribed medication to manage his health conditions, including metformin and glipizide (for diabetes), atorvastatin (which treats high cholesterol), lisinopril (which treats hypertension), asprin, and carbamazepine (which treats bipolar disorder). (Doc. 50-1, Attachment at 4). In addition, there is no evidence that Alexander's conditions pose a risk of death or grave harm or that they impair his ability to provide self-care in the prison environment. Accordingly, the Court concludes that Alexander has not shown extraordinary and compelling circumstances under § 3582(c)(1)(A).[2]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Two of the purposes of sentencing are to protect the public, § 3553(a)(2)(C), as well as "to provide the defendant with needed educational or vocational

---

[1] In the Motion, Alexander does not raise or mention Covid-19 as a basis for a reduction in sentence.

[2] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). Here, Alexander has not proposed a viable release plan, which bears on both of those factors. Alexander does not provide the name or address of any person he would stay with upon his release. Instead, he states that he would reside at "[a]ny of the homeless shelters in Jacksonville Fl." Attachment (Doc. 50-1) at 2. Alexander states that he would require ongoing medical care, but he would not have access to health insurance if released. Id. at 3. (Alexander does state that he would be willing to apply for government medical services). He checks the "yes" box for the question whether he would have any other community support that can assist him with his medical needs, but he offers no details about what that support would entail. Id. at 5. In short, Alexander's release plan is to live on the streets and obtain what assistance he can.

This release plan is not acceptable. According to the Presentence Investigation Report (PSR), Alexander has a history of convictions for violent crimes, including aggravated assault, battery (where he struck a man in the head with a baseball bat in one case), domestic battery, and felony battery. (Doc. 42, PSR at ¶¶ 31, 39–41, 45). Indeed, in the instant case, Alexander was found in possession of a 12-gauge shotgun after a 911 complaint from a woman named K.W., in which she stated that Alexander had discharged a shotgun. (Id. at ¶¶ 5–11). K.W. testified before a grand jury that one week prior, Alexander walked over to her trailer holding a 12-gauge shotgun and threatened "to 'put fire in her ass.'" (Id. at ¶ 10). Compounding matters, Alexander has a history of struggling with mental health disorders and alcohol abuse. (Id. at ¶ 79–82). Given these circumstances, releasing Alexander to live on the streets would disserve the interest of public safety and make it difficult to ensure that Alexander was complying with the terms

of supervised release.

At the same time, Alexander recognizes that he requires medication to manage his conditions, which he is receiving while in BOP custody. Were he to be released to the streets (in the hope of finding a homeless shelter), he would lose ready access to medical care. Further, Alexander does not propose any plan for obtaining substance abuse or mental health counseling. Thus, releasing Alexander also disserves the interest of providing him "with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).[3]

The Court has considered each of the applicable § 3553(a) factors, especially the need to protect the public and to provide Alexander with effective treatment, and concludes that a sentence reduction is not warranted at this time. Accordingly, Defendant Charles Robert Alexander's Motion for Compassionate Release (Doc. 50) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of December, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[3] While the Court may not extend a defendant's prison term based on the need for treatment, Tapia v. United States, 564 U.S. 319, 321 (2011), it may consider a defendant's need for medical care in declining to shorten his term of imprisonment, United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).